IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| YTOCKIE FULLER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CHANCE LEEDS, )<br>)<br>Respondent. )<br>) | Case No. 1:23-cv-01244-STA-jay |

**ORDER GRANTING MOTION TO DISMISS, DISMISSING § 2254 PETITION AS TIME-BARRED, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the *pro se* petition under 28 U.S.C. § 2254 of Petitioner Ytockie Fuller, Tennessee Department of Correction prisoner number 258358, an inmate at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee ("§2254 Petition," ECF No. 1); Respondent's Motion to Dismiss The Petition As Untimely ("MTD," ECF No. 10); and Petitioner's response to the motion (ECF No. 17). For the reasons that follow, the Court **GRANTS** Respondent's MTD and **DISMISSES** the § 2254 petition because it is time-barred.

## BACKGROUND

A jury in the Circuit Court of Madison County, Tennessee convicted Petitioner of the attempted first-degree murder of Aljernon Lloyd, Jr. and possession of a firearm after a felony conviction. *State v. Fuller*, No. W2015–00965–CCA–R3–CD, 2016 WL 6116346, at *2 (Tenn. Crim. App. Nov. 15, 2016), *perm. app. denied* (Tenn. Jan. 20, 1017). The trial court sentenced

Petitioner to life imprisonment without the possibility of parole on the first degree murder conviction and to a consecutive eight-year sentence on the firearm conviction. *Id.*

Petitioner appealed, and the Tennessee Criminal Court of Appeals (the "TCCA") affirmed his convictions. *Id.* at *4, 6. (ECF No. 9-1.) On January 20, 2017, the Tennessee Supreme Court denied Petitioner's application for permission to appeal. (*See* ECF No. 9-2.)

On November 20, 2017, Petitioner filed a *pro se* petition for post-conviction relief.[1] (ECF No. 9-3 at PageID 161-206.) The post-conviction court had an evidentiary hearing on March 12, 2018. (*Id.* at PageID 249.) On March 22, 2018, the post-conviction court denied relief. (*Id.* at PageID 249-50.)

Petitioner appealed. (*Id.* at PageID 251-52.) The TCCA affirmed the judgment of the post-conviction court. (ECF No. 9-4.) *Fuller v. State*, No. W2018-00518-CCA-R3-PC, 2019 WL 192444, at *8 (Tenn. Crim. App. Jan. 11, 2019), *perm. app. denied* (Tenn. May 20, 2019). On May 20, 2019, the Tennessee Supreme Court denied permission to appeal. (ECF No. 9-5.)

## FEDERAL HABEAS PROCEEDINGS

Petitioner signed his § 2254 Petition under penalty of perjury on November 6, 2023. (*See* ECF No. 1-1 at PageID 118.)[2] On November 13, 2023, the § 2254 Petition was received and filed

---

[1] Respondent generally presumes, "[a]ssuming the prison mailbox rule applies," that the post-conviction petition was filed on October 24, 2017, based on the date Petitioner signed the petition. (*See* ECF No. 10-1 at PageID 271, 276-77.) However, Petitioner says that he gave the petition to prison authorities for mailing on October 26, 2016. (*See id.* at PageID 206.) So, it is unclear when he deposited the post-conviction petition in the prison mailing system, and Petitioner does not explain why the post-conviction petition was filed nearly a month after Petitioner signed it. The Court will use the file-stamped date of November 20, 2017, as the filing date.

[2] Petitioner does not say when he deposited his § 2254 petition in the prison mailing system. Therefore, the prison mailbox rule does not apply. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (a habeas petition is deemed filed on the date that the prisoner provides the document to prison officials to be mailed to the Court).

in the Court.  (*See* ECF No. 1.)  On November 30, 2023, Petitioner paid the filing fee.  (ECF No. 6.)

On May 9, 2024, the Court ordered Respondent to file a limited response or answer to the § 2254 Petition addressing its timeliness and Petitioner's equitable tolling argument and to file relevant portions of the state court record.  (ECF No. 7 at PageID 143.)  On May 20, 2024, Respondent filed portions of the state court record (ECF No. 9) and the MTD (ECF No. 10).  On August 2, 2024, Petitioner filed a response to the motion and a supporting affidavit.  (ECF Nos. 17 & 18.)[3]

## ANALYSIS

Petitioner acknowledges that his § 2254 Petition is untimely.  (ECF No. 1 at PageID 4.)  However, he asserts that the § 2254 Petition is untimely due to circumstances that were extraordinary and beyond his control and that he is entitled to equitable tolling.  (*Id.*)  Petitioner contends that the COVID-19 virus was an extraordinary circumstance that prevented him from timely filing his § 2254 Petition.  (*Id.*; *see* ECF No. 17 at PageID 301-02.)  Petitioner asserts that he was in quarantine for approximately thirty (30) days in April 2020 due to a positive COVID test and again tested positive on May 7, 2020, and remained in quarantine until May 28, 2020.  (ECF No. 1 at PageID 4-5.)  He contends that his deadline for filing a federal habeas petition was May 20, 2020.  (*Id.* at PageID 5.)

As other justifications for equitable tolling, Petitioner claims that his: (1) transcripts were lost; (2) he had kidney problems; and (3) the prison was on lockdown because of a "drug overdose

---

[3] Petitioner asserts that he placed the response in the prison mailing system on July 29, 2024.  (ECF No. 17 at PageID 303.)  The response was due by July 31, 2024.  (ECF No. 14 at PageID 290.)  The Court considers the response timely filed under the prison mailbox rule.

3

epidemic." Petitioner asserts that, "[s]ometime during the last quarter[] of the year 2019[, t]he Petitioner's property was packed by Sgt. Gauldin," and Gauldin lost Petitioner's trial transcript when Petitioner was moved to a different housing unit. (*Id.* at PageID 6; *see* ECF No. 17 at PageID 299.) Petitioner asserts that in April 2020, he had a kidney problem, had emergency surgery, and was then quarantined. (ECF No. 1 at PageID 6.) He asserts that he was transported in and out of WCF from March 2020 until March 2021. (*Id.* at PageID 6-7; ECF No. 17 at PageID 303.) Petitioner's surgery was in December 2021. (*Id.*) Petitioner contends that, in 2021, WCF had a large number of lockdowns because of a "drug overdose epidemic." (ECF No. 17 at PageID 302.) Petitioner asserts that he "has been on a consistent on and off lock down for the past four years that has prohibited him from being able to adequately present his 2254 timely." (*Id.* at PageID 303.)

Petitioner argues that he is entitled to equitable tolling because he: (1) is diligently pursuing his rights on appeal; (2) has taken every appeal available to him; and (3) "has not missed a single additional deadline." (ECF No. 1 at PageID 4.)

Respondent argues that the § 2254 Petition is untimely and that Petitioner is not entitled to equitable tolling. (ECF No. 10-1 at PageID 270, 276-79.)

I. **Timeliness**

A § 2254 petition is subject to a one-year limitations period, commencing from four possible dates:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

State convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) when the time expires for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. *Pinchon v. Myers*, 615 F.3d 631, 640 (6th Cir. 2010) (citing *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009). The TCCA issued its decision on direct appeal on November 15, 2016, and the Tennessee Supreme Court denied permission to appeal on January 20, 2017. Therefore, Petitioner's convictions became final on the last date for filing a petition for a writ of certiorari with the United States Supreme Court, on April 20, 2017, at which time the running of the limitations period commenced. *See* S. Ct. R. 13(1) (petition for writ of certiorari is to be filed within 90 days after order denying discretionary review).

The limitations period was tolled, pursuant to 28 U.S.C. § 2244(d)(2), when Petitioner filed his post-conviction petition on November 20, 2017. By that time, 213 days of the one-year limitations period had elapsed. The TCCA affirmed the dismissal of the post-conviction petition on January 11, 2019, and the Tennessee Supreme Court denied permission to appeal on May 20, 2019. The running of the limitations period recommenced at that time, and it expired 152 days

later, on Monday, October 21, 2019.[2] Petitioner signed and filed the § 2254 Petition more than four years later. The § 2254 Petition is time-barred.

## II. Equitable Tolling

The one-year limitations period is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The doctrine of equitable tolling should be applied only "sparingly." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The petitioner carries the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Petitioner contends that his deadline for filing a federal habeas petition was May 20, 2020, one year after the Tennessee Supreme Court denied permission to appeal the post-conviction proceedings. (ECF No. 1 at PageID 5.) Petitioner did not correctly calculate the habeas statute of limitations, but ignorance of the law does not toll the limitations period. *Thomas v. Romanowski*, 362 F. App'x 452, 455 (6th Cir. 2010); *Harrison v. I.M.S.*, 56 F. App'x 682, 685–86 (6th Cir. 2003) (declining to apply equitable tolling when prisoner was ignorant of the filing deadline because, through his other contacts with the court, he had learned that his other documents he filed with the court had corresponding filing deadlines" and, therefore, he "knew or should have known that his application for a writ of habeas corpus also had a filing deadline"); *Miller v. Cason*,

---

[2] Because the last day of the limitations period fell on a weekend, Petitioner had until the end of the next business day to file a timely § 2254 petition. Fed. R. Civ. P. 6(a)(C). Section 2244(d)(1) provides that the limitations period begins to run from the <u>latest</u> of the four specified circumstances. In this case, there is no reason to conclude that the limitations period for the issues raised by Petitioner began at any time later than the date on which his conviction became final.

49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period."). Petitioner's lack of knowledge about habeas proceedings and mistake in calculating the deadline for filing his habeas petition does not justify tolling of the one-year statute of limitations.

Petitioner has not shown diligence in pursuing his federal rights. Petitioner filed the § 2254 Petition four years after the statute of limitations expired.

Petitioner asserts that various extraordinary circumstances prevented the timely filing of his § 2254 Petition. He contends that the COVID epidemic prevented his filing. Petitioner's filing deadline was in October 2019. The COVID epidemic occurred *after* the statute of limitations for filing the habeas petition expired. The COVID epidemic is not an extraordinary circumstance to justify equitable tolling.

Petitioner asserts that his kidney condition prevented timely filing. Petitioner says that his kidney issue began around April 2020, and continued until he had surgery in December 2021. Petitioner's kidney condition occurred *after* the deadline for filing the habeas petition and does not justify equitable tolling.

Petitioner asserts that the "drug overdose epidemic" at the prison in 2021 and the resulting lockdowns prevented his timely filing. The purported epidemic and resulting lockdowns occurred *after* the deadline for filing the habeas petition and do not present a basis for equitable tolling.

Petitioner contends that Gauldin lost his trial transcripts and court documents. The unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750–51 (6th Cir. 2011); *see*

*Monk v. Gray*, No. 20-3294, 2020 WL 5513350, at *2 (6th Cir. Aug. 3, 2020) (two-year attempt to obtain transcripts does not justify equitable tolling).

Actual innocence, if proved under the standard applied in *Schlup v. Delo*, 513 U.S. 298 (1995), serves as a gateway through which a petitioner may obtain review of his otherwise barred or untimely claims of constitutional violation. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To open the gateway, a petitioner must "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. He must also show that, in light of the new evidence, "it is more likely than not that no reasonable juror would have convicted him." *Id.* at 327. The standard for gateway actual innocence claims is "demanding." *McQuiggin*, 569 U.S. at 386 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). "[T]enable actual-innocence gateway pleas are rare." *Id*. at 386, 394-95 (gateway actual innocence "applies to a severely confined category"). "[T]he actual innocence exception should remain rare and only be applied in the extraordinary case." *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). Petitioner does not argue that he is actually innocent of his state court convictions. (*See* ECF Nos. 1 & 17.) Thus, Petitioner is not entitled to equitable tolling of the limitations period based on actual innocence.

Petitioner has failed to show that he is entitled to equitable tolling of the limitations period.

## CONCLUSION

Petitioner's § 2254 Petition is time-barred, and he is not entitled to equitable tolling. The Court **GRANTS** the MTD (ECF No. 10) and **DISMISSES** the § 2254 petition **WITH PREJUDICE** as time-barred. The Court will enter judgment for Respondent.

## **APPELLATE ISSUES**

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2)-(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a petition is denied on procedural grounds, the petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. In this case, reasonable jurists could not debate the correctness of the Court's decision to dismiss the § 2254 petition because it is time-barred. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Additionally, Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith,

Case 1:23-cv-01244-STA-jay   Document 21   Filed 03/03/25   Page 10 of 10
                       PageID 325

or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith.

It is therefore **CERTIFIED**, pursuant to Rule 24(a) that any appeal in this matter would not be taken in good faith and leave to appeal *in forma pauperis* is **DENIED**.[4]

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 3, 2025.

---

[4] If Petitioner files a notice of appeal, he must pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this Order. *See* Fed. R. App. P. 24(a)(5).