**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| **YTOCKIE FULLER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Case No. 1:23-cv-01244-STA-jay** |
| ) | |
| **WARDEN ROBERT ADAMS, JR.,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**ORDER DENYING RULE 60(b)(6) MOTION**

Before the Court is the *pro se* Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(6) of Petitioner Ytockie Fuller, Tennessee Department of Correction prisoner number 258358, an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee. (ECF No. 43.)   For the reasons that follow, Petitioner's motion is **DENIED**.

## I.   BACKGROUND

Petitioner was convicted by a Madison County jury of attempted first-degree murder and possession of a firearm after a felony conviction.   *State v. Fuller*, No. W2015-00965-CCA-R3-CD, 2016 WL 6776346, at *2 (Tenn. Crim. App. Nov. 15, 2016).   The state trial court sentenced Petitioner to life imprisonment without the possibility of parole on the first degree murder conviction and to a consecutive eight-year sentence on the firearm conviction.   *Id*.

Petitioner appealed, and the Tennessee Court of Criminal Appeals ("TCCA") affirmed his convictions and sentences.   *Id*. at * 6.   On January 20, 2017, the Tennessee Supreme Court denied Petitioner's application for permission to appeal.   (ECF No. 9-2.)

Petitioner filed a *pro se* petition for state post-conviction relief. (ECF No. 9-3 at PageID 161-206.) The state post-conviction trial court held an evidentiary hearing on the petition and denied relief in a written order. (*Id*. at PageID 249-50.) Petitioner appealed, and the TCCA affirmed the denial of habeas relief. *Fuller v. State*, No. W2018-00518-CCA-R3-PC, 2019 WL 192444, at *8 (Tenn. Crim. App. Jan. 11, 2019). The Tennessee Supreme Court denied discretionary review on May 20, 2019. (ECF No. 9-5.)

Petitioner filed a *pro se* petition under 28 U.S.C. § 2254 on November 13, 2023 ("the Petition"). (ECF No. 1.) Petitioner acknowledged that the Petition was untimely, but he argued that various extraordinary circumstances prevented timely filing, including the COVID-19 pandemic, Petitioner's kidney condition, prison lockdowns, and the loss of his trial transcripts. (*Id*. at PageID 4-7.)

Respondent filed a motion to dismiss, arguing that Petitioner was not entitled to equitable tolling of the limitations period. (ECF Nos. 10 & 10-1.) On March 3, 3025, the Court granted Respondent's motion and dismissed the Petition with prejudice as time barred. (ECF No. 21.) The Court determined that the alleged extraordinary circumstances either occurred after the limitations period had expired on October 21, 2019, or did not justify equitable tolling. (*Id*. at PageID 7-8.)

Petitioner appealed the Court's dismissal of his Petition and filed an application for a certificate of appealability ("COA") in the Sixth Circuit. (ECF Nos. 23-24.) On September 8, 2025, the Sixth Circuit declined to issue a certificate of appealability, ending Petitioner's appeal. (ECF No. 35.)

2

Petitioner filed the instant motion on November 12, 2025, arguing that "extraordinary circumstances" warrant relief under Rule 60(b)(6) because "state actors" prevented Petitioner from developing his habeas claims by losing "his entire trial record—including transcripts, motions, and jury instructions—just before his federal filing deadline." (ECF No. 43 at PageID 1-2.) He argues that the COVID-19 pandemic "prevented him from obtaining replacement records." (*Id*. at PageID 2.) Petitioner has filed affidavits and various exhibits in support of his motion, including a property checklist, inmate inquiry, and a lost/stolen property claim. (ECF Nos. 37-41.)

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), a court may grant a party relief from a final judgment for one of several defined reasons:

(1)    mistake, inadvertence, surprise, or excusable neglect;

(2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)    the judgment is void;

(5)    the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc*., 538 F.3d 448, 454 (6th Cir. 2008).

A district court's discretion to grant relief from a judgment under Rule 60(b) "is circumscribed by public policy favoring finality of judgments and termination of litigation." *Jones v. Bradshaw*, 46 F.4th 459, 482 (6th Cir. 2022) (internal quotation marks and citation omitted). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to

3

rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

### III.   ANALYSIS

Petitioner's motion seeks relief under subsection (6), which is Rule 60(b)'s "catch-all" provision. [1]   (ECF No. 43 at PageID 1.)   That provision applies only in exceptional or extraordinary circumstances where principles of equity mandate relief.   *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

According to Petitioner, he is entitled to relief under Rule 60(b)(6) because his copies of the "entire trial record" were wrongly confiscated by a prison employee on September 15, 2019, and later lost "just before his federal filing deadline."   (ECF No. 43 at PageID 393-94.)   He also alleges that his ability to obtain "replacement records" was complicated by the onset of the COVID-19 pandemic, during which time "[l]egal mail was slowed or halted, law libraries were closed, and legal visitation was suspended."   (*Id*. at PageID 396.)

Petitioner has failed to show exceptional or extraordinary circumstances that would warrant relief under Rule 60(b)(6).   *See Olle*, 910 F.2d at 365.   The arguments raised in Petitioner's motion are the same arguments he raised in his Petition in support of equitable tolling.   (*See* ECF No. 1 at PageID 4-7.)   In particular, Petitioner argued that equitable tolling was warranted because

---

[1] When a Rule 60(b) motion "attacks the federal court's previous resolution of a claim on the merits," it is appropriately treated as a second or successive habeas petition, requiring authorization from the appellate court.   *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Petitioner's motion challenges the Court's equitable tolling ruling, which precluded a merits determination.   (*See* ECF No. 43.)   When a petitioner's motion "merely asserts that a previous ruling which precluded a merits determination was in error—for example a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," the motion is not an unauthorized second or successive habeas petition requiring dismissal.   *Gonzalez*, 545 U.S. at 532 n.4.

"[s]ometime during the last quarterly [sic] of . . . 2019," his copy of the trial transcript was lost by a corrections officer who packed the contents of Petitioner's cell and transported Petitioner's property to a new housing unit. (ECF No. 1 at PageID 6.) The Court rejected Petitioner's argument, relying on the Sixth Circuit's decision in *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011). (ECF No. 21 at PageID 322.) In *Hall*, the Sixth Circuit held that "the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling." 662 F.3d at 750-51.

Petitioner also argued in his Petition that "[t]he COVID-19 pandemic [made receiving] a second copy of his trial transcript . . . more difficult" because courts "paused or delayed critical functions" during the pandemic and because prisons "imposed lockdowns." (ECF No. 1 at PageID 5-6.) The Court rejected Petitioner's argument that the COVID-19 pandemic prevented timely filing, noting that "Petitioner's filing deadline was in October 2019, [and the] COVID-19 epidemic occurred *after* the statute of limitations for filing the habeas petition expired." (ECF No. 21 at PageID 322.)

Petitioner's Rule 60(b)(6) motion raises no new arguments not previously made in his Petition and rejected by the Court in its March 3, 2025 order. Because the motion is merely an attempt to relitigate the case, it is **DENIED**. *See Jinks*, 250 F.3d at 385.

## IV.    APPELLATE ISSUES

A certificate of appealability ("COA") is required "not only to appeal the initial denial of a writ of habeas corpus, but also to appeal from the denial of a motion brought pursuant to Rule 60(b)." *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010)); *see* 28 U.S.C. § 2253(c)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a

constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing.  28 U.S.C. § 2253(c)(2)-(3).  A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In this case, reasonable jurists could not debate the correctness of the Court's decision to deny Petitioner's Rule 60(b) motion on the ground that it is without merit.  Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Additionally, Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a)(4)-(5).  In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith.

It is therefore **CERTIFIED**, pursuant to Rule 24(a) that any appeal in this matter would not be taken in good faith and leave to appeal *in forma pauperis* is **DENIED**.[2]

      **IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 29, 2026

---

[2] If Petitioner files a notice of appeal, he must pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this Order.   *See* Fed. R. App. P. 24(a)(5).